Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **MARÍA DEL R. CARRIÓN VEGA**<br><br>Recurrente<br><br>v.<br><br>**JUNTA DE DIRECTORES DEL CONDOMINIO IRLANDA APARTMENTS**<br><br>Recurridos | KLRA202500267 | **REVISIÓN ADMINISTRATIVA**<br>Procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.:<br>**C-SAN-2024-0019347**<br><br>Sobre: **Condominio (Ley Núm. 104 de 25 de junio de 1958, según enmendada)** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 27 de mayo de 2025.

Recurre ante nos, por derecho propio, María del R. Carrión Vega, en adelante, Carrión Vega o recurrente, de la *"Resolución Sumaria"* dictada por el Departamento de Asuntos al Consumidor, en adelante, DACo, el 18 de septiembre de 2024. En el referido dictamen, la agencia aludida resolvió que Carrión Vega no expuso una controversia que ameritara intervención y que su querella estuvo dirigida a una entidad sin capacidad jurídica.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso de autos por *falta de jurisdicción.*

### I.

La recurrente alega que reside desde el año 2003 en el Edificio 7 del Condominio Irlanda Apartments. El 18 de agosto de 2023, Carrión Vega presentó una querella ante el DACo contra la Junta de Directores del Condominio Irlanda Apartments.[1] En la misma, adujo

---

[1] Los hechos reseñados en este dictamen, salvo especificación en contrario, surgen de varios documentos anejados – pero no enumerados – en el recurso.

que, desde el año 2015, le ha reclamado en varias ocasiones a la recurrida por varios problemas de filtración. Por ello, solicitó a DACo que ordenara a la recurrida a realizar las gestiones pertinentes para atender la situación.

El 20 de junio de 2024, Carrión Vega le cursó una carta a la Directora Interina del DACo informándole de su querella, y de los pormenores de su situación. El 5 de agosto de 2024, DACo emitió una *"Notificación de Querella"*. Sin ulteriores trámites procesales, DACo emitió una *"Resolución Sumaria"* en la que desestimó de facto el petitorio de la recurrente. Explicó en su dictamen que Carrión Vega incoó su querella contra una entidad sin capacidad jurídica, es decir, a la Junta de Directores. Explicó que es el Consejo de Titulares quien tiene legitimación pasiva para ser querellado.

Inconforme, el 25 de septiembre de 2024, Carrión Vega presentó ante el DACo una *"Moción Solicitando Reconsideración"*. Sin embargo, alega que la misma fue declarada *"No Ha Lugar"* el 2 de octubre de 2024. Varios meses después, comparece la recurrente ante nos, mediante un recurso de revisión administrativa el 7 de mayo de 2025.[2]

En su escrito, Carrión Vega expone una serie de situaciones de salud que enfrentó durante los pasados siete (7) meses. Sin embargo, solicita que devolvamos y revivamos su querella en la agencia recurrida, para que esta pueda hacer las alegaciones correspondientes.

## II.

### A. Jurisidicción

Conocido es que la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias que tiene ante sí. *Mun. Río Grande v. Adquisición Finca*, 2025 TSPR

---

[2] Hacemos constar que el recurso de autos fue recibido en despacho el 21 de mayo de 2025.

36, 215 DPR ___ (2025); *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 214 DPR ___ (2024); *Mun. Aguada v. W Const. y Recovery Finance*, 2024 TSPR 69, 214 DPR ___ (2024); *R & B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Matos, Sostre v. Registradora*, 213 DPR 348, 354 (2023); *Miranda Corrada v. DDEC, et al*, 211 DPR 738, 745 (2023); *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). También, un tribunal deberá poseer "tanto jurisdicción sobre la materia como sobre las partes litigiosas". *Mun. Aguada v. W. Construction, LLC*, supra; *Adm. Terrenos v. Ponce Bayland*, supra, citando a *Shell v. Srio. Hcienda*, 187 DPR 109, 122 (2012). Véase, además, *FCPR v. ELA et al.*, supra, pág. 530; *Cobra Acquisitions v. Mun. Yabucoa et al.*, supra, pág. 394.

La falta de jurisdicción de un foro judicial incide de manera fatal sobre su autoridad para adjudicar una materia, por lo que puede levantarse motu proprio. *Cobra Acquisitions v. Mun. de Yabucoa*, supra, págs. 394-395; *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Freire Ruiz et al. v. Morales, Hernández*, supra; *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

No es necesario que una o ambas partes cuestionen la jurisdicción de un tribunal, sino que es nuestro deber levantarlo *motu proprio*. *Freire Ruiz et al. v. Morales, Hernández*, supra. Así lo

establece la Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C), disponen lo siguiente sobre la desestimación de recursos carentes de jurisdicción:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> [...]
> (C) El Tribunal de Apelaciones, **a iniciativa propia**, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

(Énfasis suplido).

### B. Revisión Judicial de Agencias Administrativas

Sabido es, que todo ciudadano que prosiga una causa en alzada está en la absoluta obligación de perfeccionar su recurso conforme a los preceptos legales y reglamentarios que le sean aplicables, de manera que provea para el cabal ejercicio de nuestras funciones de revisión. *Morán v. Martí,* 165 DPR 356, 363 (2005). Por tanto, las exigencias que rigen el perfeccionamiento de los recursos pertinentes deben observarse con rigor. *UGT v. Centro Médico del Turabo,* 208 DPR 944, 957 (2022). Lo anterior, encuentra arraigo en la premisa que establece que, "[l]a marcha ordenada de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico", por lo que las normas que atienden el trámite apelativo de las causas judiciales deben ser observadas con fidelidad. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).

Ahora bien, respecto al recurso de marras, señalamos que la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, en adelante, LPAUG, regula y codifica los trámites, facultades y responsabilidades de las agencias administrativas. Ley 38-2017, 3 LPRA sec. 9601 *et seq*; *ACT v. Prosol et als.*, 210 DPR

897, 907 (2022). La Sección 4.2 de la LPAUG, supra, sec. 9672, establece el procedimiento y término para solicitar la revisión de órdenes y resoluciones de una agencia administrativa:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo ***correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final*** de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.
>
> [...]
>
> (Énfasis suplido).
>
> *Simpson, Passalacqua v. Quirós, Betances*, 2024 TSPR 64, 214 DPR ___ (2024)

Es decir, la parte que quede inconforme con el resultado de la decisión de una agencia que recaiga en su contra, tiene derecho a solicitar que un tribunal de mayor jerarquía revise la determinación administrativa que le afecte. *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 213 DPR 743, 753 (2024); *ACT v. Prosol et als.,* supra; *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014).

Ahora bien, respecto a la mencionada Sección 3.15 de la LPAUG, supra, sec. 9655, esta establece el procedimiento para la reconsideración y la revisión de órdenes y resoluciones de la agencia administrativa:

> ***La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.*** La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para

solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración.

[...]

(Énfasis suplido).

Una parte que resulte inconforme con el resultado de su reconsideración, tiene derecho a solicitar que un tribunal de mayor jerarquía revise la determinación administrativa que le afecte. *ACT v. Prosol et als,* supra; *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014).

### III.

La recurrente ante nos, solicita que dejemos sin efecto la desestimación *de facto* del DACo en relación con la querella que presentó el 18 de agosto de 2023. En su determinación, la agencia recurrida le explicó a Carrión Vega que su querella había sido erróneamente incoada, puesto que el reclamo debió hacerse contra el Consejo de Titulares del Condominio, quienes tienen la capacidad jurídica de ser demandados y responder en una querella administrativa, y no contra la Junta de Directores del Condominio, quienes carecen de legitimación pasiva para ello.[3]

Sin embargo, nos vemos imposibilitados de evaluar el recurso en sus méritos. Según el derecho previamente esbozado, el recurso fue radicado ante esta Curia en destiempo. De las precitadas secciones de la LPAU, supra, se desprende que el término

---

[3] La parte recurrente no presentó copia de la Resolución recurrida, en su totalidad. Faltaron las páginas 2, 4 y 6 del escrito.

jurisdiccional de treinta (30) días para solicitar revisión judicial queda interrumpido, cuando la parte recurrente presenta una moción de reconsideración. Según consta en los documentos del expediente, la recurrente solicitó oportunamente la reconsideración ante el DACo, el 25 de septiembre de 2024. Aunque en su escrito aduce que el mismo fue declarado *"No Ha Lugar"* el 2 de octubre de 2024, no obra en autos evidencia de la notificación de esta determinación. Sin embargo, haya sido rechazada de plano con el paso de los quince (15) días después del 25 de septiembre de 2024 o haya sido rechazada mediante Resolución el 2 de octubre de 2024, los treinta (30) días para recurrir ante esta Curia se vencieron el año pasado. Por eso, no tenemos jurisdicción sobre el caso de autos.

Finalmente, señalamos que "el hecho de que las partes comparezcan por *derecho propio*, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003). Este tipo de comparecencia tampoco puede justificar que las partes incumplan con términos jurisdiccionales o de cumplimiento estricto. *Id.*

**IV.**

Por los fundamentos que anteceden, *desestimamos el recurso de epígrafe por falta de jurisdicción.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones